CITIZENS' ST. R. CO. v. CITY RY. CO.

(Circuit Court, D. Indiana. July 11, 1893.)

No. 8,866.

1. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACT — WHAT IS A CONTRACT—
CITY ORDINANCE—STREET-RAILWAY FRANCHISE.
City ordinances made in pursuance of law, and granting to a corporation the right to build and operate street-railway lines in the city, after acceptance by the corporation and the expenditure of large sums of money on the faith thereof, constitute a contract protected by Const. U. S. art. 1, § 10, forbidding states to make any law impairing the obligation of contracts. Dartmouth College v. Woodward, 4 Wheat. 518, followed.

2. SAME—WHAT IS A LAW—CITY ORDINANCE.
Act Ind. March 6, 1891, § 59, (Sess. Laws, pp. 137–197,) conferred upon the city of Indianapolis the power, by contract, when approved by ordinance of its common council, to grant franchises to street-car companies. *Held*, that an exercise of this power by the board of public works, with the approval by ordinance of the common council, was a law of the state, within the meaning of Const. U. S. art. 1, § 10, forbidding states to pass any law impairing the obligation of contracts. Hamilton Gas Co. v. Hamilton City, 13 Sup. Ct. Rep. 90, 146 U. S. 258, and Shreveport v. Cole, 9 Sup. Ct. Rep. 210, 129 U. S. 36, distinguished.

3. SAME—CITY ORDINANCE—ULTRA VIRES—FEDERAL JURISDICTION.
The prohibition of state laws impairing the obligation of contracts (Const. U. S. art. 1, § 10) should not be read into a state statute conferring on a city the power to grant street-railway franchises, so as to make ultra vires an ordinance granting such a franchise which impairs the obligation of a contract, and thereby to deprive a federal court of jurisdiction. If the ordinance is valid but for repugnance to the constitutional prohibition, such repugnance gives a federal court jurisdiction.

4. FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION.
A federal court has jurisdiction of a bill in equity alleging that complainant has a valid contract with a city conferring upon complainant the privilege of laying tracks and operating street-railway lines on all the streets of the city, and that the contract provides that the city shall not confer any privilege upon any person or corporation so as to conflict with the rights granted to complainant, and alleging, further, that the city has granted the right to lay tracks and operate street railways on certain streets to respondent, and that respondent cannot do so without interfering with and substantially destroying the complainant's lines, and impairing the privileges before granted to complainant.

In Equity. Bill by the Citizens' Street-Railroad Company against the City Railway Company. Heard on motion to dismiss. Denied.

Miller, Winter & Elam and Benjamin Harrison, for complainant.
A. C. Harris and Elliott & Elliott, for defendant.

BAKER, District Judge. The question presented for decision arises on the motion of defendant to dismiss the bill of complaint

on the ground that the cause of action is one over which the circuit court of the United States has no rightful original jurisdiction. The parties to the bill are corporations organized and existing under the laws of the state of Indiana, and citizens thereof. The jurisdiction of the court to entertain this bill is bottomed on the question whether or not the cause is one arising under the constitution of the United States. Article 3, § 2, cl. 1, of the constitution of the United States provides that "the judicial power shall extend to all cases in law and equity arising under this constitution, the laws of the United States, and treaties made, or which shall be made, under their authority." The words "shall extend," in this clause, are used in an imperative sense, and import an absolute grant of power. Martin v. Hunter, 1 Wheat. 304. The congress has by appropriate legislation conferred on the circuit courts of the United States original cognizance of suits of a civil nature arising under the constitution or laws of the United States. The statute at present in force provides "that the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law, or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority." Act March 3, 1887, as re-enacted August 13, 1888, (25 Stat. 433.)

The complainant derives its rights under ordinances of the city of Indianapolis, adopted, pursuant to law, in the years 1864, 1865, 1880, 1888, and 1889. The several ordinances are set out in full in the bill. By these ordinances the complainant is authorized to lay a single or double track for passenger railway lines on all the streets of the city, and on all extensions of the same, and to operate cars on such railway lines by animal power or electricity, and to receive certain tolls from passengers. The bill alleges that the complainant has constructed over 40 miles of railway lines on the streets of the city at an expense of more than $1,000,000, and has equipped a suitable number of cars for use thereon, and has 40 miles of street railway in constant operation for the use of the public, and that it has fully performed all the duties and obligations imposed upon it by said several ordinances. It is expressly provided in the ordinance of 1864 that "the said city of Indianapolis shall not, during all the time to which the privileges hereby granted to said company shall extend, grant to or confer upon any person or corporation any privilege which will impair or destroy the rights and privileges herein granted to said company." It is shown that the rights, privileges, and franchises granted to complainant have not determined by efflux of time. The bill alleges that on April 24, 1893, the common council of the city of Indianapolis, by an ordinance adopted by it, entered into a contract with the defendant, the City Railway Company which will not only impair, but will substantially destroy, the rights, privileges, and franchises granted to complainant. It is al-

leged that in pursuance of the ordinance and contract of April 24, 1893, the city, by its common council, in May, 1893, adopted an ordinance granting to the City Railway Company the right to lay, maintain, and operate its lines of street railway over and upon a large number of the streets now occupied by complainant, with single and double lines of railway tracks, on which it is constantly operating its cars. It is alleged that the City Railway Company cannot lay, maintain, and operate its lines of street railway without interfering with and substantially destroying complainant's lines of street railway, and impairing and destroying the rights, privileges, and franchises previously granted to it. Certain other ordinances are made parts of the bill, which, it is alleged, repeal and annul the ordinances granting rights and privileges to complainant, because wholly inconsistent therewith. The complainant maintains that its bill exhibits a cause of action of a civil nature in equity, arising under the constitution of the United States, because its rights are secured by contract; and in disregard of that contract, under color of a law of the state, the city, by its board of public works and its common council, has granted to defendant rights, privileges, and franchises in derogation of the rights, privileges, and franchises previously granted to complainant. It is provided in article 1, § 10, of the constitution of the United States that "no state shall pass any law impairing the obligation of contracts."

Assuming the truth of the facts alleged in the bill, as we must, for the purpose of this motion, there can be no doubt that the rights, privileges, and franchises granted to the defendant impair the rights, privileges, and franchises previously granted to the complainant, nor is there any doubt that the grant of rights, privileges, and immunities to the complainant, coupled with its acceptance, and the expenditure of large sums of money on the faith thereof, constitute a contract protected by section 10 of article 1 of the constitution. So it was held in the case of Western Paving & Supply Co. v. Citizens' St. R. Co., 128 Ind. 525, 26 N. E. Rep. 188, and 28 N. E. Rep. 88, in which the ordinances in question were considered by the supreme court of the state, and were adjudged to constitute a contract between the city and the complainant. Since the decision in the case of Dartmouth College v. Woodward, 4 Wheat. 518, it is no longer open to debate that where rights, privileges, and immunities are lawfully granted to and accepted by a private or quasi public corporation, and money or its equivalent is expended on the faith of such grant, a binding contract is thereby created, whose violation by a law of the state is forbidden by section 10 of article 1 of the constitution of the United States.

It is contended by counsel for the defendant that, conceding that the grant of rights, privileges, and immunities to the complainant by the city constitutes a contract falling within the above constitutional guaranty, still it is not impaired by a law of the state, and, therefore, that no federal question is presented. When it is sought to invoke the original jurisdiction of this court on the ground that the suit involves in its determination a question arising under the

constitution, laws, or treaties of the United States, it must be made to appear clearly and unmistakably from the complaint that the cause or controversy involves the consideration and determination of such federal question. That such federal question may possibly arise in the progress of the litigation is not sufficient. The complaint must disclose the existence of a federal question fairly presented for decision. If the complaint simply shows that, in the progress of the trial, some federal question may possibly be presented, it will be insufficient to confer jurisdiction. If, however, the complaint shows that a federal question is fairly presented, and that the consideration and determination of that question is involved, a cause of action is presented within the rightful jurisdiction of this court, even though other questions are involved whose decision are necessary to the determination of the rights of the parties. The law of the state, under color of whose authority the city of Indianapolis, by its board of public works and its common council, is claimed to have granted rights, privileges, and immunities to the defendant in derogation of the rights, privileges, and immunities previously granted to the complainant, is found in the Acts of 1891, and is entitled "An act concerning the incorporation and government of cities having more than one hundred thousand population, according to the last preceding United States census, and matters connected therewith, and declaring an emergency." Sess. Laws 1891, pp. 137–197. Indianapolis is the only city in the state whose population brings it within purview of this act. All laws within the purview of this act and inconsistent therewith are expressly repealed. It is declared that an emergency exists for the immediate taking effect of the act from and after its passage, on March 6, 1891. From these considerations, the conclusion seems inevitable that the act in question was intended to operate as a charter for the government of Indianapolis alone. By this act the legislative authority of the city is vested in a common council. Comprehensive legislative powers are granted to the common council, embracing every subject of local and municipal concern. A board of public works is created, to be composed of three members, to be appointed by the mayor, and removable by him at pleasure, which is charged with the control of the public works and streets of the city. In section 59 of the act the duties and powers of this board are prescribed. Among them is the following:

"To authorize and empower, by contract, telegraph, telephone, electric light, gas, water, steam, or street car or railroad companies to use any street, alley, or public place in such city, and to erect necessary structures therein, and to prescribe the terms and conditions of such use; to fix by contract the prices to be charged to patrons: provided, that such contract shall in all cases be submitted by said board to the common council of such city, and approved by them by ordinance before the same shall take effect."

The easement to occupy and enjoy the streets of the city for the purpose of constructing, maintaining, and operating a street-railway system thereon can alone be granted by the legislature. Without legislative grant, the use of the streets of the city for such a purpose would constitute a public nuisance. Pettis v. Johnson, 56 Ind.

139.   And it is equally clear that, in the absence of a legislative grant of authority to it, the city cannot confer upon any person or corporation the right to lay, maintain, and operate a railway upon and along any public street or alley therein.   "The easement is a legislative grant, whether made directly by the legislature itself, or by any one of its properly constituted instrumentalities."   Waite, C. J., in Wright v. Nagle, 101 U. S. 794.   The authority exercised by the city in granting to the defendant the right, privilege, or easement to lay, maintain, and operate a street railway upon and along its public streets is that of the state itself.   It is none the less a legislative grant by the state because the authority to make it is conferred upon a subordinate body, to which the legislature has delegated a portion of its powers.   "If the authority exercised be that of the state itself, whether acting directly, through its legislature, or indirectly, through a subordinate body, to which the legislature has delegated a portion of its powers, it is competent for this court to inquire whether it has exceeded its authority, and violated the constitutional provision in question."   Saginaw Gaslight Co. v. City of Saginaw, 28 Fed. Rep. 529.

In the case of Weston v. City Council of Charleston, 2 Pet. 462, a municipal ordinance of the city of Charleston, adopted under color of a law of the state, was held to be the exercise of an authority under the state of South Carolina, the validity of which might be drawn in question by the supreme court on the ground of its repugnancy to the constitution.   The case of Wright v. Nagle, 101 U. S. 791, seems decisive of the question.   The case was as follows:   An inferior county court of Georgia was empowered by the statute of the state to authorize the establishment of such ferries and bridges as it might think necessary.   It granted to one Miller the exclusive right of opening ferries and building bridges across the Oostanaula and Etowah rivers, at Rome, within certain specified limits. Miller afterwards conveyed his rights and privileges to the plaintiffs, who expended large sums of money in building and maintaining the required bridges.   Afterwards the inferior county court authorized the defendants to erect and maintain a toll bridge across the Etowah, within the limits of the original grant. The bill averred that the inferior court, "in the making and conferring of said franchise, exercised legislative powers conferred upon it by the laws of the state; that said grant is in the nature of a statute of the legislature; that the same is an infringement of the said grant and contract made by said inferior court to and with Miller, under whom plaintiffs hold, and impairs the obligation and validity thereof, and is repugnant to the constitution of the United States, (article 1, § 10, par. 1,) which prohibits a state from passing any law impairing the obligation of contracts."   The court held that the authority to grant the franchise of establishing and maintaining a toll bridge over a river where it crosses a public highway is vested solely in the legislature, and may be exercised by it directly, or be committed to such subordinate agency as it may select; and that the grant of such franchise by such subordi-

nate agency was a grant by a law of the state, and its consonance with the above constitutional guaranty presented a federal question. The case of New Orleans Gaslight Co. v. Louisiana Light & Heat Producing & Manuf'g Co., 115 U. S. 650, 6 Sup. Ct. Rep. 252, holds that the grant of the right to supply gas to a municipality and its inhabitants through pipes and mains to be laid in the public streets is a grant of a franchise vested in the state, and that where the municipality, acting under legislative authority, grants such a franchise to a gas company, such municipal grant is in the nature of a state law. To the same effect is the case of Waterworks Co. v. Rivers, 115 U. S. 674, 6 Sup. Ct. Rep. 273. The case of Hamilton Gaslight & Coke Co. v. Hamilton City, 146 U. S. 258, 13 Sup. Ct. Rep. 90, is urged upon the court by counsel for defendant as announcing a different doctrine. In this counsel are in error. The court held in this case that a municipal ordinance, not passed under legislative authority, is not a law of the state, within the constitutional prohibition against a state law impairing the obligation of contracts. The ground of the decision was that the ordinance there drawn in question was not a law of the state, for the reason that it was not passed under legislative authority. The implication is clear that, if the ordinance in question had been passed under legislative authority, it would have been held to be a state law, within the meaning of article 1, § 10, par. 1, of the constitution of the United States. To the same effect is the case of Missouri v. Harris, 144 U. S. 210, 12 Sup. Ct. Rep. 838. The case of Shreveport v. Cole, 129 U. S. 36, 9 Sup. Ct. Rep. 210, yields no support to the defendant's contention. Cole and another, citizens of Louisiana, sued the city of Shreveport, a corporation of the same state, in the circuit court of the United States for the western district of Louisiana. The case was, in effect, an action at law to recover a balance alleged to be due to the plaintiffs upon a contract with the defendant entered into in 1871. The jurisdiction of the court seems to have been rested upon the averments in plaintiffs' complaint that under article 209 of the state constitution of 1879, providing "that no parish or municipal tax for all purposes whatsoever shall exceed ten mills on the dollar of valuation," the city of Shreveport, being so situated as to need all the revenue from such a tax, could not raise funds to pay its just debts; that, therefore, plaintiffs are deprived by that article, "if same be valid and operative," of the remedy of enforcing payment by a levy of taxes; and that so said article impairs the obligation of their contract with the city. The court held that the constitution must be construed to operate prospectively only, in accordance with prior decisions of the state supreme court, and that, thus construed, it did not impair the contract of the plaintiffs. If, however, when properly construed, the constitution had conferred color of authority upon the city of Shreveport to refuse to levy a tax to discharge its contracts, manifestly the court would have held that the case presented a federal question, and that the circuit court had rightful original jurisdiction. The case simply decides

that no federal question is involved where a law, properly construed, confers no authority upon a municipality to do the thing which is claimed to impair prior contract rights. The converse must be true,—that a federal question is presented if, when properly construed, the law of the state does prima facie confer authority upon the municipality to grant rights and immunities which would impair prior contract rights, and such municipality, under color of such state law, has, in the manner provided, actually made such grant.

The act of 1891 expressly confers upon the city of Indianapolis the power by contract, when approved by ordinance of its common council, to grant to a street-car company the use of any street, alley, or public place in such city, and the right to erect necessary structures therein, and to prescribe the terms and conditions of such use, and to fix the prices to be charged to patrons. This statute vested the municipality with ample authority to make the grant to the defendant contained in the contract and ordinance of April 24, 1893. If the defendant has not acquired the rights and immunities granted to it in the above contract and ordinance, it is not because the statute does not expressly authorize the city of Indianapolis to grant them, but because such grant is in conflict with the constitutional provision which prohibits a state from passing any law impairing the obligation of contracts.

It is contended that the constitutional guaranty which prohibits a state from passing any law impairing the obligation of contracts must be read into the state statute, and, thus read, the statute would not confer any authority on the city to make the contract and enact the ordinance in question, and therefore no federal question would be involved. If such concession were granted, it is argued that no law of the state, however clearly it might impair the obligation of contracts, would present a federal question, because the bane and antidote would go together. If the constitutional prohibition was read into the state law, the federal question would still remain. The federal question in all such cases is, does the statute of the state, or the grant made by a municipality thereunder, when fairly construed, and treating it as otherwise valid, present a case falling within the prohibition of the constitutional guaranty in question? If the law of the state, or a municipal grant under its authority, is a valid enactment, except for its repugnancy to the provision of the constitution which prohibits a state from passing any law impairing the obligation of contracts, then such repugnancy presents a federal question, and gives this court jurisdiction. Such a case is exhibited by the bill of complaint.

Let the motion to dismiss be overruled.