## CITY OF FERGUS FALLS v. FERGUS FALLS WATER CO.

(Circuit Court of Appeals, Eighth Circuit. January 2, 1896.)

No. 688.

**1. FEDERAL COURTS—JURISDICTION—SUITS ARISING UNDER CONSTITUTION.**

The F. F. Water Company brought an action against the city of F. F. upon a contract. It alleged in its complaint that the city made a contract to pay to it certain water rents for supplying the city with water; that it had complied with the contract and furnished the water; that the city had paid the rents until its city council passed a resolution that the contract was annulled and canceled, and that it would pay no more rents thereunder; that from the date of the passage of that resolution the city had refused to pay the rents; and that the resolution was a law impairing the obligation of the contract. *Held*, that the latter allegation was mere surplusage, and did not make the action one arising under the constitution of the United States, within the jurisdiction of the federal courts. Sanborn, Circuit Judge, dissenting.

**2. SAME.**

*Held*, second, that even if the averments of the complaint had brought the case within the jurisdiction of the court, the suit should have been dismissed when it appeared upon the trial, as it clearly did, that the suit did not arise under the constitution, and that no federal question was involved, but only the question whether the city had authority, under the laws of Minnesota, to enter into the contract in suit.

In Error to the Circuit Court of the United States for the District of Minnesota.

This action was commenced in the United States circuit court for the Sixth division of the district of Minnesota by the defendant in error, the Fergus Falls Water Company, a corporation chartered under the laws of the state of Minnesota, against the city of Fergus Falls, a municipal corporation of that state, to recover moneys alleged to be due upon a contract entered into between the city and the water company on the 19th day of April, 1883, whereby the water company agreed to supply the city with water for fire and other purposes for the term of 30 years, and the city, by an ordinance of its common council, agreed to pay therefor, for that term, the rates specified in the contract. The complaint sets out the contract which is the foundation of the action, and alleges, in the mode required by the rules of pleading, that the plaintiff has at all times furnished water to the city, and fully complied with the covenants of the contract on its part, and that the defendant refuses to pay the water rents due the plaintiff by the terms of the contract, and prays judgment for the amount claimed to be due. In addition to the statement of the plaintiff's cause of action, the complaint contains averments by which it is sought to make it appear that the action is one arising under the constitution of the United States, and therefore cognizable in the circuit court.

These allegations of the complaint are as follows: "That on or about the 30th day of August, 1893, said defendant, by its council, duly passed a resolution wherein and whereby said defendant resolved and determined that 'the contract for water supply through fire hydrants, for fire protection, heretofore recognized as existing between' said plaintiff and defendant 'under the provisions of Ordinance No. 18 of said city, be and the same is hereby declared to be null and void and is hereby canceled.' And said defendant further determined in said resolution that said city would no longer take water from. said plaintiff under the provisions of said ordinance; that since said time said defendant has refused to pay rent on said hydrants under said contract, or to recognize said contract as binding; that said resolution is a law impairing the obligation of said contract." The resolution of the council of the 30th of August, 1893, referred to in the foregoing extracts from the complaint, reads as follows: "It is hereby resolved and determined that the contract for water supply through fire hydrants, for fire protection, heretofore recognized as existing between the city of Fergus Falls and the Fergus Falls Water Company, under the provisions of Ordinance No. 18 of said city, be and the same is hereby declared to be null and void and is hereby canceled. And it is hereby determined that the city will no longer take water from the said water company under the provisions of said Ordinance No. 18. Adopted August 30, 1893." The defendant demurred to the complaint upon the ground that it 'did not appear from the allegations thereof that the circuit court had jurisdiction of the suit. The court overruled the demurrer, whereupon the defendant filed an answer, in which it "denies that said defendant, by its charter (chapter 1, Sp. Laws Minn. 1883), or otherwise, was ever authorized to contract for a water supply for said city, and specially denies that said defendant,. under said charter or otherwise, ever had the right, power, or authority to make or enter into the contract set out in said complaint, and under which plaintiff claims in this action, and denies that defendant ever entered into any contract with the plaintiff Carroll E. Gray, or any other person, for a water supply for said city. Defendant, further answering, admits that Ordinance 18, attached to said complaint, is a true copy of a pretended ordinance passed by the council of said city April 19, 1883, but denies that said council had any authority, right, or power whatever to pass or enact said ordinance, or to enter into the contract, or to grant the rights, powers, privileges, or franchises, set out in said pretended ordinance, and denies that said city council so passing said pretended ordinance had any authority to create against said city the debt or liability attempted to be created in and by said pretended ordinance." There was a trial to a jury, and a verdict and judgment for the plaintiff, and the defendant sued out this writ of error.

J. W. Mason (C. L. Hilton, M. D. Grover, and C. Wellington were with him on the brief), for plaintiff in error.

Frank W. Booth and Charles A. Willard, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge (after stating the case as above), delivered the opinion of the court.

The defendant challenged the jurisdiction of the circuit court at every stage of the case, and that is the only question we find it necessary to consider. The jurisdiction is attempted to be maintained upon the ground that the case is one arising under the constitution of the United States. But clearly this is not so. The complaint shows the suit to be one to recover for water furnished by the plaintiff to the city under the contract set out in the complaint. In a word, it is a suit to recover for the breach of an alleged contract to pay for water. It does not differ in any respect from a suit to recover for water supplied to a private consumer. It is in no wise different from a suit brought by one individual or private corporation against another indi-

vidual or private corporation to recover for fuel, merchandise, or other property alleged to have been sold and delivered by the one to the other under a contract to pay a stipulated price therefor. In all such cases the cause of action is not grounded on any right derived from the constitution of the United States, but arises out of the contract between the parties. The right to contract and the obligation of contracts antedate the constitution, and were not derived from it. An action, therefore, to recover upon the contract in suit, or to enforce its obligation, is not a suit arising under the constitution. But it is said that the complaint sets up that the defendant, by resolution of its council, declared the contract null and void, and that this resolution impairs the obligation of the contract, and is in contravention of the constitution of the United States. Conceding all this to be so, it does not serve to make the plaintiff's cause of action one arising under the constitution. Notwithstanding this averment, it is indisputable that the complaint shows the plaintiff's suit is based upon, and arises out of, the contract in suit, and not under the constitution. The plaintiff seeks, in its complaint, to inject a federal question into the case by suggesting that the defendant will interpose as a defense to the suit a resolution of its council which impaired the obligation of the contract, in contravention of the constitution. It is apparent that the only use the plaintiff proposes to make of the constitution is as a barrier to a defense which the plaintiff suggests the defendant may set up. The appeal to the constitution is made, not to support the plaintiff's cause of action, but by way of replication to an anticipated defense. The jurisdiction of the circuit court cannot be invoked by any such form of pleading in an action like this. In equity pleadings the complainant is allowed to anticipate and avoid a defense, and this is called the "charging part of the bill." Story, Eq. Pl. § 31. But at law the plaintiff is never expected to state matters which should come more properly from the other side. It is sufficient for each party to make out his own case. 1 Chit. Pl. (Ed. 1867) 222. It is sufficient for the plaintiff to state his own cause of action, and he should not anticipate his adversary's defense, for the reason that the latter may never make the defense sought to be guarded against. Bliss, Code Pl. § 200. In this case the defendant set up no such defense as the plaintiff pretended to anticipate and avoid. In Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, the supreme court say that:

"By the settled law of this court, as appears from the decisions above cited, a suggestion of one party that the other will or may set up a claim under the constitution or laws of the United States does not make the suit one arising under that constitution or those laws."

And it is equally well settled that the suggestion in a complaint in an action at law that the defendant may or will set up a defense based on a state statute repugnant to the constitution does not make the suit one arising under the constitution.

The averments of the complaint, beyond those which state a cause of action upon the contract in suit, are mere surplusage. When the statement of the plaintiff's cause of action, in legal and logical form, such as is required by the rules of good pleading, does not disclose

that the suit is one arising under the constitution or laws of the United States, then the suit is not one arising under that constitution or those laws, and the circuit court has no jurisdiction.    In New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, Chief Justice Fuller, speaking for the court, said:

"When a suit does not really and substantially involve a dispute or controversy as to the effect or construction of the constitution upon the determination of which the result depends, then it is not a suit arising under the constitution. Shreveport v. Cole, 129 U. S. 36, 9 Sup. Ct. 210; Starin v. City of New York, 115 U. S. 248, 257, 6 Sup. Ct. 28; Water Co. v. Keyes, 96 U. S. 199. The judicial power extends to all cases in law and equity arising under the constitution, but these are cases actually, and not potentially, arising, and jurisdiction cannot be assumed on mere hypothesis. In this class of cases it is necessary to the exercise of original jurisdiction by the circuit court that the cause of action should depend upon the construction and application of the constitution, and it is readily seen that cases in that predicament must be rare. Ordinarily the question of the repugnancy of a state statute to the impairment clause of the constitution is to be passed upon by the state courts in the first instance, the presumption being in all cases that they will do what the constitution and laws of the United States require. Chicago & A. R. Co. v. Wiggins Ferry Co., 108 U. S. 18, 1 Sup. Ct. 614, 617. And if there be ground for complaint of their decision, the remedy is by writ of error under section 709 of the Revised Statutes. Congress gave its construction to that part of the constitution by the twenty-fifth section of the judiciary act of 1789, and has adhered to it in subsequent legislation."

This case, with its citations, demonstrates that the views we have expressed upon this question have the sanction of that court.

The demurrer to the complaint for want of jurisdiction should have been sustained.    If no demurrer had been interposed, the court, on its own motion, should have dismissed the cause for want of jurisdiction appearing on the face of the complaint.    Even if the averments of the complaint had brought the case within the jurisdiction of the court, the suit should have been dismissed when it appeared upon the trial, as it clearly did, that the suit did not arise under the constitution, and that no federal question was involved, but only the question whether the city had authority, under the laws of Minnesota, to enter into the contract in suit.    Bank of Arapahoe v. David Bradley & Co. (decided at present term) 72 Fed. 867.    If the city had power under those laws to enter into the contract, its liability was not disputed. If there was no contract, there was no obligation to be impaired.    If there was a valid contract, its obligation was not questioned.    The judgment of the circuit court is reversed, and the cause remanded, with instructions to dismiss the suit, for want of jurisdiction, at the costs of the plaintiff.

SANBORN, Circuit Judge (dissenting).    The decision and opinion of the majority of the court in this case rests upon this proposition:

"When the statement of the plaintiff's cause of action, in legal and logical form, such as is required by the rules of good pleading, does not disclose that the suit is one arising under the constitution or laws of the United States, then the suit is not one arising under that constitution or those laws, and the circuit court has no jurisdiction."

In other words, the majority hold that no one can invoke the jurisdiction of the circuit court of the United States, in a case arising under

that provision of the constitution that prohibits the states from enacting laws which impair the obligation of contracts, unless a pleading of the law which impairs the obligation of the contract and of the constitution is indispensable to the statement of a good cause of action upon the contract. I am unable to agree to this proposition. Its effect is to deprive the circuit courts of jurisdiction of every case which arises under this provision of the constitution, notwithstanding the fact that the supreme court and the circuit courts have repeatedly held that the latter have jurisdiction of such cases. White v. Greenhow, 114 U. S. 307, 5 Sup. Ct. 923, 962; Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501; Waterworks Co. v. Rivers, 115 U. S. 674, 6 Sup. Ct. 273; St. Tammany Waterworks Co. v. New Orleans Waterworks, 120 U. S. 64, 7 Sup. Ct. 405; Saginaw Gaslight Co. v. City of Saginaw, 28 Fed. 529; Citizens' St. R. Co. v. City of Memphis, 53 Fed. 715; Smith v. Bivens, 56 Fed. 352; Citizens' St. R. Co. v. City Ry. Co., 56 Fed. 746; Walla Walla Water Co. v. City of Walla Walla, 60 Fed. 957. The supreme court has repeatedly held that a circuit court of the United States has no jurisdiction of such a suit, as one arising under the constitution, unless that fact appears by the plaintiff's statement of his own claim. It follows that this fact cannot be made to appear in the case unless it is shown by the complaint. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654; Chappell v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34; Postal Tel. Cable Co. v. Alabama, 155 U. S. 482, 15 Sup. Ct. 192. Now, the provision of the constitution under consideration is a shield, and not a sword. It does not lay the foundation for, or create, a cause of action or a contract. It simply preserves and protects contracts already made, and causes of action which are founded upon them, from the unlawful assaults of state legislation. Every cause of action that rests under the protection of this clause of the constitution may be legally and logically stated without referring to the law which by its terms impairs the contract, or to the constitution which protects it from that law, because the contract and its breach themselves constitute a good cause of action. If, therefore, the plaintiff may not invoke the jurisdiction of the circuit court by adding to the statement of his contract and its breach the jurisdictional allegations that the state has passed a law which by its terms impairs or destroys the obligation of the contract, and under which the defendant refuses to perform it, but which the plaintiff insists is void under this provision of the constitution, then no case can ever arise or be presented, under this clause of the constitution, of which the circuit courts of the United States can take jurisdiction. I cannot persuade myself that congress ever intended that its acts giving jurisdiction to the circuit courts of cases arising under the constitution of the United States should thus entirely exclude this important class of cases from those courts. The act of March 3, 1887, as corrected by the act of August 13, 1888, provides:

"That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under

the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, or a controversy between citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens, or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid." 1 Supp. Rev. St. 611.

It goes without saying that, in many of the cases of which the circuit court is given jurisdiction by these acts of congress, the allegations which invoke and sustain the jurisdiction of the circuit court are not indispensable to the statement in legal and logical form of a good cause of action. To that end they are generally mere surplusage. Their sole purpose and only effect are to give the circuit court jurisdiction of the suit. Take the case of a controversy between citizens of different states. The plaintiff can state a good cause of action, if he has one, without alleging the citizenship of the parties. That allegation is unnecessary to the statement of a cause of action, and yet the plaintiff may make it, and, if the amount in controversy is sufficient, he may thereby invoke and maintain the jurisdiction of the circuit court. Take the case of ejectment, in which the plaintiff and defendant claim lands under grants of different states. Allegations of the sources of their titles are mere surplusage to the statement of a good cause of action in ejectment, but the plaintiff may undoubtedly plead the grants under which the parties to the action claim, and may, by the force of those allegations, maintain his action in the circuit court. Take the case of a controversy between a citizen of a state and a foreign citizen or subject. An allegation of the diverse citizenship of the parties is rarely, if ever, indispensable to the statement in legal and logical form of a good cause of action; but the plaintiff may allege the citizenship of the parties, and, if the amount in dispute is sufficient, may thereby invoke and sustain the jurisdiction of the circuit court. I can conceive of no good reason why the same rule should not apply to a suit arising under the constitution of the United States; why a plaintiff, in such a case, should not be permitted to set forth his cause of action, and then to invoke and sustain the jurisdiction of the circuit court by allegations not indispensable to the statement of his cause of action, but which show that the suit has arisen under the constitution of the United States. This view is not novel. It is not without support in the adjudicated cases. In White v. Greenhow, 114 U. S. 307, 5 Sup. Ct. 923, 962, the facts were that the state of Virginia had in 1871 made a contract with the plaintiff that the coupons cut from bonds issued under "An act to provide for the funding and payment of the public debt," passed by its legislature on March 30, 1871, should be receivable in payment of taxes thereafter levied upon property in that state. In 1882 certain taxes were levied upon the property of the plaintiff. He tendered the coupons cut from these bonds in payment of these taxes, but the defendant refused to accept them, and levied upon and carried away personal property of his of the value of $3,000, in order to sell it to satisfy these taxes. The plaintiff sued the defendant for $6,000 dam-

ages for this taking. In his complaint he alleged the facts above re-cited, and he also averred that the general assembly of the state of Virginia on January 26, 1882, passed an act which forbade the defendant to receive the coupons in payment of the taxes; that the defendant relied on that act, but that it was void under section 10, art. 1, of the constitution of the United States, which prohibits any state from passing any law which impairs the obligation of contracts. It is plain that the jurisdictional allegations in this complaint, the averments of the act of the assembly of January 26, 1882, and of the invalidity of that act under the constitution, were unnecessary to the statement of the cause of action for damages for the taking of the property. The allegations of the contract to take the coupons for taxes, the tender of them in payment of the taxes, the refusal of the treasurer to accept them, and his levy upon and taking of the property to satisfy the taxes, would have stated in legal and logical form a perfect cause of action for the damages the plaintiff sought. The sole purpose and only effect of the averments of the act of 1882, and its invalidity under the constitution, were to invoke and sustain the jurisdiction of the circuit court. A demurrer was interposed to this complaint, and the supreme court overruled it, and said:

"The present action, as shown on the face of the declaration, was a case arising under the constitution of the United States, and was one, therefore, of which the circuit court of the United States had rightful jurisdiction, by virtue of the act of March 3, 1875, without regard to the citizenship of the parties, the sum or value in controversy being in excess of $500."

In Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, the facts and the complaint, so far as the question here under consideration is concerned, were the same as in White v. Greenhow, supra. The action was for damages for the unlawful seizure of property to satisfy taxes after they had been paid by the tender of coupons under the act recited above. The jurisdictional allegations were unnecessary to the statement of a cause of action for damages, and their only effect was to give the circuit court jurisdiction. The defendant interposed a plea to the jurisdiction of the circuit court, "that, as the plaintiff and defendant were both citizens of the state of Virginia, the courts of that state had exclusive jurisdiction of the alleged cause of action"; but the supreme court overruled the plea, reversed the judgment dismissing the action, and remanded the case to the circuit court, with directions to try it. In Waterworks Co. v. Rivers, 115 U. S. 674, 6 Sup. Ct. 273, the facts were that the New Orleans Waterworks Company had prior to 1879 a contract with the city of New Orleans for the exclusive privilege of laying conduits, mains, and pipes in the streets of that city, to supply the city and its inhabitants with water, and under that contract it had laid its mains and pipes, and was proceeding in its performance. In 1882, and during the term of this contract, the city council of New Orleans granted to one Rivers the privilege of laying pipes in its streets to supply the St. Charles Hotel, in that city, with water, and he was about to do so. The waterworks company exhibited its bill in the circuit court of the United States to perpetually enjoin Rivers from laying these pipes, or supplying that

hotel with water. In its bill it pleaded the facts above recited, and also averred that a new state constitution had been adopted by the state of Louisiana in 1879, which provided that the monopoly features in the charter of any corporation then existing in that state, save such as might be contained in the charters of railroad companies, were thereby repealed, and that the action of the city council and of Rivers was based on that provision. Now, a perfect cause of action for an injunction against Rivers would have been stated in this bill if the complainant had set forth its original contract for the exclusive right to lay the pipes in the streets, and to supply the city and its inhabitants with water, and had alleged that it had expended large amounts in making the necessary improvements to comply with this contract, and was performing it, and that Rivers was about to lay pipes in the streets of the city, and to supply the St. Charles Hotel with water through them. The allegations of the provisions of the constitution of 1879, and of the claim of Rivers thereunder, were entirely unnecessary to the statement of the complainant's cause of action for the injunction. Their only purpose and effect were to give the circuit court of the United States jurisdiction of the case. To this bill a demurrer was interposed, but it was overruled by the supreme court with the statement that under the bill the complainant was entitled, at the hands of the circuit court, to the perpetual injunction for which it prayed. In St. Tammany Waterworks Co. v. New Orleans Waterworks, 120 U. S. 64, 7 Sup. Ct. 405, the facts and the pleading, so far as the question now under consideration is concerned, were substantially the same as in the case last cited. The jurisdictional allegations were unnecessary to the statement of the cause of action, but the jurisdiction of the circuit court was sustained, and a decree for a perpetual injunction was affirmed. The circuit courts have adopted the same rule. They have repeatedly maintained their jurisdiction of cases under this provision of the constitution when the jurisdictional allegations were not indispensable to the statement of the cause of action upon the contract, and when their only purpose and effect were to invoke and sustain the jurisdiction of the circuit courts. Saginaw Gaslight Company v. City of Saginaw, 28 Fed. 529; Citizens' St. Ry. Co. v. City of Memphis, 53 Fed. 715; Smith v. Bivens, 56 Fed. 352; Citizens' St. R. Co. v. City Ry. Co., 56 Fed. 746; Walla Walla Water Co. v. City of Walla Walla, 60 Fed. 957. The effect of these decisions of the national courts, as I read them, is that one who has a cause of action founded in contract, which is protected from state legislation which has been enacted to impair or destroy it, by the provision of the constitution which forbids any state to pass a law impairing the obligation of contracts, may invoke and sustain the jurisdiction of the circuit court of the United States by allegations in his complaint which show that the defendant has passed, procured, or relies on the hostile state legislation, and that the plaintiff rests under the ægis of this clause of the constitution, although these allegations are not indispensable to the statement of a good cause of action upon the contract, and although their only purpose

and effect are to invoke and sustain the jurisdiction of the circuit court.

I have carefully read the authorities cited in the opinion of the majority, and I am unable to find anything in them in conflict with this proposition. In Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, the plaintiff did not aver that it was protected by, or claim for its cause of action the protection of, the constitution of the United States. That was a suit by the state of Tennessee to collect its taxes. The allegation relied upon to give the circuit court jurisdiction was that the defendant claimed that the law under which the tax was levied violated the constitution. It is well settled that the plaintiff cannot make a case arising under the constitution of the United States by pleading that the defendant will shelter himself under its protection. The defendant may not do so. The option to interpose or refuse to interpose the shield of the constitution is his. It is only when the plaintiff himself claims immunity from state legislation under this clause of the constitution that he presents a case arising under it. Such is the case at bar, and such are the cases to which I have referred. In New Orleans v. Benjamin, 153 U. S. 411, 414, 14 Sup. Ct. 905, the complainant, Benjamin, brought a bill against the city of New Orleans and others for an accounting of the liabilities of the board of Metropolitan police, and of the amounts due to that board from the various defendants in the suit, for the appointment of a receiver to collect the amounts due, and for the application of the amounts so collected to the payment of the debts of the board, including certain warrants held by the complainant. The complainant alleged in the bill that a certain act of the legislature of Louisiana, which repealed prior acts of that legislature, and which abolished the board of metropolitan police, was in violation of section 10, art. 1, of the constitution. This allegation of the claimed immunity from the effect of this act was unnecessary to the statement of the cause of action. Nevertheless, the supreme court, after some general remarks, assumed that the repugnancy of the act of the legislature to the constitution might be so set up as to form an independent ground of jurisdiction in the circuit court, and proceeded to decide that the act pleaded did not impair the obligation of any contract, and that, therefore, the suit did not really and substantially involve a dispute or controversy as to the effect or construction of the constitution of the United States, upon the determination of which the result depended. 153 U. S. 414, 431, 14 Sup. Ct. 905. Shreveport v. Cole, 129 U. S. 36, 39, 9 Sup. Ct. 210, was disposed of in the same way. It was an action to recover a balance due on a contract for grading and improving streets. The plaintiff alleged in his complaint that an act of the legislature which limited the amount of the municipal taxes impaired the obligation of his contract. The supreme court considered at length the question whether or not that act did impair the obligation of the contract; decided that it did not, because it was prospective, and could not have any effect upon the claims of antecedent contract creditors, and that for that reason the case did not arise un-

der the constitution. 129 U. S. 42, 9 Sup. Ct. 210. Starin v. New York, 115 U. S. 248, 258, 6 Sup. Ct. 28; Water Co. v. Keyes, 96 U. S. 199; and Chicago & A. R. Co. v. Wiggins Ferry Co., 108 U. S. 18, 22, 1 Sup. Ct. 614, 617,—were cases which arose upon appeals from orders remanding them to state courts, in which the supreme court held, upon a consideration of the pleadings and petitions for removal, that they presented no federal question. Neither of these cases presents or determines any phase of the question now under consideration. These are all the authorities cited in the opinion of the majority, and they do not seem to me to sustain the proposition that a plaintiff may not invoke and sustain the jurisdiction of the circuit court by proper jurisdictional allegations, which show that the contract and cause of action on which he sues are protected from hostile state legislation, that would otherwise impair or destroy them, by section 10, art. 1, of the constitution, although these allegations are not indispensable to the statement of the cause of action upon the contract, and their only purpose and effect are to invoke and sustain the jurisdiction of the circuit court. I have been forced to the conclusion that the true rule here is the converse of that proposition (1) because the proposition of the majority would exclude from the jurisdiction of the circuit court all cases which arise under section 10, art. 1, of the constitution, and I do not think such was the intention of congress; (2) because the converse of that proposition governs the practice in other classes of cases in which jurisdiction is conferred on the circuit courts, and no good reason occurs to me why it should not govern in this class; and (3) because the supreme court and the circuit courts have adopted the converse of that proposition in this class of cases. See authorities supra.

But it is said that although the complaint averred that the city of Fergus Falls made this contract, that it complied with its terms and paid the water rent under it for years, that it then passed an ordinance that the contract was null and void and was thereby canceled, and that from that date it refused to pay any rent under the contract, and that this ordinance was a law impairing the obligation of the contract, yet that, inasmuch as the only defense to the action pleaded by the answer and relied upon at the trial was that there never was any contract, because the city was without power to make it, the circuit court had no jurisdiction, and should have dismissed the action, because the answer presented no controversy as to the validity of the ordinance by which the attempt was made to rescind and cancel the contract. When a defendant that has made, recognized, and performed a contract for years, passes or procures the passage of a law which by its terms annuls and cancels it, and from that time refuses to perform the contract, the natural, reasonable, and logical inference is that the defendant relies on the law it has passed, or procured the passage of, to relieve it from its contract, and the plaintiff is well warranted by these facts in invoking the jurisdiction of the federal court on the ground that it is protected from the effect of that law by the constitution of the United States. Upon this subject this

court has held the rule to be that if it appears from the complaint, in any aspect which the case may assume, that the right of recovery may depend upon the construction of the constitution, and if the right to recover, so far as it turns on the construction of the constitution, is not merely a colorable claim, but rests on a reasonable foundation, then a federal question is involved which is adequate to confer jurisdiction. St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. R. Co., 15 C. C. A. 167, 68 Fed. 2, 13. Moreover, the right to sue in the federal court, as we held in that case, must be judged exclusively as of the date of filing the complaint, on the state of facts therein disclosed:

"If, on the face of the complaint or declaration, the case is one which the court has the power to hear and determine, because of the existence of a federal question, it has the right to decide every issue that may subsequently be raised; and whether the decision of the case ultimately turns on a question of federal, local, or general law is a matter that in no wise affects the jurisdiction of the court. Mayor v. Cooper, 6 Wall. 247; Railroad Co. v. Mississippi, 102 U. S. 135, 141; Tennessee v. Davis, 100 U. S. 257, 264; Omaha Horse-Ry. Co. v. Cable Tramway Co., 32 Fed. 727." St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. R. Co., 15 C. C. A. 167, 68 Fed 10.

Tested by the facts as they existed when this complaint was filed, by the making and partial performance of the contract by this city, by the passage by it of an ordinance which by its terms annulled and canceled the contract, and by its refusal to perform the contract from the date of this ordinance, the claim of the plaintiff that his recovery might depend upon the question whether or not that ordinance was repugnant to the constitution of the United States certainly rested on a reasonable foundation. It was undoubtedly made in good faith. There is no indication that it was merely colorable. It was the natural and logical inference from the facts which the complaint discloses. It goes without saying that there was an aspect that the case might assume in which the right of recovery would depend upon the construction of the constitution of the United States. If the contract was valid in its inception, and such a construction of the constitution should be adopted that the subsequent ordinance would not be held to be repugnant to it, this construction would be fatal to the plaintiff's recovery, while the opposite construction would insure it. In this way an immunity from the effect of state legislation on which the recovery depended would be defeated by one construction, and sustained by the other construction, of the constitution; and the case was one arising thereunder, under the definition given in Starin v. City of New York, 115 U. S. 248, 257, 6 Sup. Ct. 28, and the cases cited. In such a case as this the defendant cannot evade or avoid the jurisdiction of the federal court by a plea that there never was any contract, and that consequently its obligation could not be impaired by the ordinance the defendant itself has enacted to annul and cancel it. As was well said in St. Paul, M. & M. Ry. Co. v. St. Paul & N. P. R. Co., 15 C. C. A. 167, 68 Fed. 9, 10:

"When a complaint filed in the circuit court of the United States discloses a controversy arising under federal laws, the jurisdiction of the court will not be defeated by any defense or plea that the defendant may see fit to make.

If the plaintiff's right to sue in the national courts is to be tested solely by his complaint or declaration, and is not aided by any plea interposed by the defendant, no matter how clearly the latter may show that the construction or application of federal laws is involved, then it follows that, if jurisdiction is fairly disclosed by the plaintiff's statement of his own cause of action, it cannot be defeated by an answer or plea so conceived and drawn as to avoid the consideration of any federal question or questions."

It is no new device for a defendant who has passed or procured the passage of a law which by its terms impairs the obligation of a contract to seek to evade the jurisdiction of the national courts by the plea that there never was any contract; hence, that the law did not impair its obligation, and no federal question can arise in the case. This device was resorted to in Wright v. Nagle, 101 U. S. 791, but it failed in that case, and it ought not to succeed in this. In that case the state of Georgia had made a contract with the assignor of the complainants, through the inferior court of Floyd county, that he and his assigns should have the exclusive right of opening and maintaining ferries and building bridges over the Etowah river, within certain limits. Subsequently that state, through its commissioners of roads and revenue, granted to the defendants the right to erect and maintain a toll bridge within the limits of the first grant. The complainants brought a suit in equity in one of the state courts of Georgia to enjoin the defendants from constructing their bridge, and alleged that the subsequent grant impaired the obligation of the original contract. Defendants answered that the inferior court of Floyd county had no authority to make the original contract, and, as there was no contract, there was no impairment of its obligation. The trial court so held, and dismissed the bill on that ground. This decision and judgment were affirmed by the supreme court of Georgia on appeal. A writ of error was then issued from the supreme court to review this judgment, and a motion to dismiss on the ground that the only question involved was whether or not there was a contract, and no federal question was presented, was made, and overruled by that court with this remark:

"If the court erred in construing the statute, and in holding that there was no contract, then the question is directly presented, by the pleadings and the stipulation as to the facts, whether the subsequent action of the commissioners of roads and revenue is, in its legal effect, equivalent to a law of the state impairing the obligation of the contract as it was made. In this way, it seems to us, a federal question is raised upon the record, which gives us jurisdiction."

In the case at bar the court below has found that there was a contract, and has rendered judgment for the rent which accrued under it; so that the question whether or not the plaintiff was protected, by section 10, art. 1, of the constitution, from the subsequent ordinance which in terms annulled the contract, became a vital question in the case, and, whether insisted upon or urged by the defendant or not, was necessarily decided by the court against the validity of the ordinance, in reaching its judgment. The case actually assumed the aspect in which the plaintiff's recovery depended upon the construction of this clause of the constitution,

the aspect in which one construction of it would insure and the opposite construction would defeat its recovery, and the court adopted the former. For the reasons which I have stated, I am of the opinion that the jurisdiction of the circuit court in this case should be sustained.