## WHITE *v.* GREENHOW, Treasurer.

IN ERROR TO THE CIRCUIT COURT OF THE .UNITED STATES FOR THE
EASTERN DISTRICT OF VIRGINIA.

This case falls within the decision in *Poindexter* v. *Greenhow*, and is decided
by it, *ante*, 270.

*Mr. William L. Royall, Mr. Daniel H. Chamberlain [Mr. William B. Hornblower* was with him on the brief], *Mr. Wager Swayne,* and *Mr. William M. Evarts* for plaintiff in error.

*Mr. F. S. Blair*, Attorney-General of the State of Virginia, *Mr. Richard T. Merrick*, and *Mr. Attorney-General* for defendant·in error.

Mr. Justice Matthews delivered the opinion of the court.
The plaintiff in error, who was plaintiff below, brought his action in the Circuit Court of the United States for the Eastern District of Virginia against the defendant, both being citizens of that State. The declaration, in substance, sets out that the plaintiff, owning property in the City of Richmond, was assessed thereon for the year 1882 for certain taxes to be paid to the State of Virginia, leviable for after December 1, 1882; that the defendant was treasurer of the City of Richmond, and, as such, collector of taxes due to the State assessed on property in that city; that plaintiff tendered to the defendant, on demand being made for payment of said taxes, the amount thereof in coupons cut from bonds issued by the State of Virginia under the act of March 30, 1871, entitled " An·Act to provide for the funding and payment of the public debt," which coupons, by the terms of said act, were receivable in payment of taxes by virtue of a contract with the State of Virginia; that the defendant refused to receive said coupons, under color of the authority of the act of the General Assembly of the State of Virginia, passed January 26, 1882, which forbade him to receive the same; that the defendant, after refusal of said tender, forcibly and unlawfully entered the premises of the plaintiff, and levied

upon and seized and carried away personal property of the plaintiff of the value of $3,000, in order to sell the same for the satisfaction of said taxes, which he claimed to be unpaid and delinquent; that the acts of the General Assembly of Virginia, specified in the pleadings, which require the tax collector to refuse to receive such coupons in payment of taxes, and to proceed with the collection of taxes, for the payment of which they have been tendered, as if they were delinquent, impair the obligation of the said contract between the State of Virginia and the plaintiff; and that by reason of the said wrongs the plaintiff has suffered damage in the sum of $6,000, for which he brings suit.

To this declaration the defendant demurred generally, the demurrer was sustained, and judgment was rendered for the defendant. The plaintiff sued out this writ of error.

All the questions raised and argued upon the merits of this case have been fully considered in the opinion of the court in the case of *Poindexter* v. *Greenhow, ante,* 270.

The present action, as shown on the face of the declaration, was a case arising under the Constitution of the United States, and was one, therefore, of which the Circuit Court of the United States had rightful jurisdiction by virtue of the act of March 3, 1875, without regard to the citizenship of the parties, the sum or value in controversy being in excess of $500.

In conformity with the views expressed in the opinion in *Poindexter* v. *Greenhow,*

*The judgment in the present case is reversed and the cause is remanded, with directions to proceed therein in conformity with law.*

Mr. Justice Bradley, with whom concurred The Chief Justice, Mr. Justice Miller and Mr. Justice Gray, dissented. Their dissenting opinion will be found, *post,* page 330, after the opinion in Marye v. Parsons.