### KEELEY v. KERR et al.

(District Court, D. Oregon. February 7, 1921.)

No. L-8659.

United States ⊚⊐125—Emergency Fleet Corporation not subject to suit for tort of agent.

    The United States Shipping Board Emergency Fleet Corporation, as a corporation organized for governmental purposes, *held* not subject to suit for a tort committed by an agent.

At Law. Action by Lee Roy E. Keeley against James B. Kerr and others. On demurrer to amended complaint by the United States Shipping Board Emergency Fleet Corporation. Demurrer sustained.

Lee Roy E. Keeley, of Portland, Or., in pro. per.
Roscoe C. Nelson, of Portland, Or., for defendants.

BEAN, District Judge. The case of Keeley v. Fleet Corporation et al. is an action at law, brought in the state court against sundry individuals, including the attorney for the Fleet Corporation, to recover damages for a tort. The complaint charged in substance that in March, 1919, the plaintiff commenced an action in this court on behalf of one Mrs. Dibbern against a boat claimed by the Emergency Fleet Corporation; that the Fleet Corporation appeared by its attorney, and immediately thereafter certain named defendants, in pursuance of a conspiracy with the other defendants, sought out Mrs. Dibbern and induced and persuaded her to breach her contract with the plaintiff and discharge him as her attorney, and for that he brings this action of damage.

⊚⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A petition for removal of the case to this court was filed by all the parties jointly, and the case was removed here on the ground that the Fleet Corporation is a governmental agency, and that therefore the cause of action was one arising under the Constitution and laws of the United States. After the case had been transferred here, a motion, joined in by all the defendants, was made to strike out parts of the complaint, and it was sustained. Amended complaint was thereupon filed, to which the Fleet Corporation alone has demurred, on the ground that it does not state a cause of action against it.

The Fleet Corporation was organized in the District of Columbia by the Shipping Board, with the approval of the President, to build and equip ships; the government subscribing for all the stock of the concern. There is a question now before the courts as to whether the Emergency Fleet Corporation can be sued at all, or, if at all, whether it can be sued in this court for claims amounting to more than $10,000, but that question is not involved here, because it is settled that the government is not liable for torts of its agents, even though committed in the discharge of their official duties, and hence it was held in the Court of Appeals of this Circuit in Ballaine v. Alaska Northern Railway Co., 259 Fed. 185, 170 C. C. A. 251, 8 A. L. R. 990, that a private corporation maintained for governmental purposes, and in which the government owned all of the stock, could not be sued in tort. In that case the government had purchased, under authority of an act of Congress, all the stock of the Alaska Northern Railway Company and was using the railway for general purposes, and an action was thereafter brought against it for tort, and the court held it could not be maintained. That decision is, of course, the law of this circuit and conclusive upon this court. Hence, assuming for present purposes that the Fleet Corporation is an entity liable to be sued as any other corporation in matters arising out of its corporation business, it necessarily follows from the ruling in the Ballaine Case that an action cannot be maintained against it for a tort of the kind sought to be enforced here.

Now the bringing of the case here by the corporation or by the defendants did not amount to a waiver of its right to raise the question. It did not give new life to the action, nor deprive the defendant of any of its rights. It simply transferred the case, whatever there was in the state court, to this court, leaving the rights of the parties to be determined. And I am satisfied, under the Ballaine Case, this action cannot be maintained against the Fleet Corporation for a tort committed by its attorney.

It necessarily follows that the demurrer must be sustained, and the action dismissed as to the Fleet Corporation.