### SLOAN SHIPYARDS CORPORATION v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, W. D. Washington, N. D.   March 12, 1921.)

No. 182–E.

Courts ⚖426—United States ⚖125—Suit against Emergency Fleet Corporation is one against United States.

The provision of Code of Law D. C. 1911, § 607, that corporations organized thereunder shall "be capable of suing and being sued in any court of law or equity in the District," is immaterial, as affecting the jurisdiction of claims over $10,000 of District Courts outside of District of Columbia in suits against the United States Shipping Board Emergency Fleet Corporation, organized under such Code.

In Equity.   Suit by the Sloan Shipyards Corporation against the United States Shipping Board Emergency Fleet Corporation.   On reargument of motion to dismiss bill.   Motion granted.

For former opinion, see 268 Fed. 624.   See, also, 270 Fed. 613.

George H. Bailey, of Seattle, Wash., James Hamilton Lewis, of Chicago, Ill., and Kerr & McCord, of Seattle, Wash., for plaintiff.

Howard Cosgrove, of Seattle, Wash., for defendant Shipping Board.

Robert C. Saunders, U. S. Atty., of Seattle, Wash., for intervener.

NETERER, District Judge.   This issue was heretofore decided against the plaintiff.   268 Fed. 624.   Upon the decision in U. S. v. Strang, 254 U. S. 491, 41 Sup. Ct. 165, 65 L. Ed. ——, the case was assigned for reargument, and the plaintiff has very ably and fully presented its contention that the defendant is subject to the jurisdiction of this court.   Under the Constitution the power to create a federal corporation is implied (McCulloch v. Maryland, 4 Wheat. 316, 4 L. Ed. 579), and is based upon the power of the Congress, through its cre-

ation, to provide facilities for the discharge of governmental functions in the exercise of the great enumerated powers, among which are to declare and conduct war. To determine the character of a corporation, said Chief Justice Marshall (Dartmouth College Case, 4 Wheat. 518, 4 L. Ed. 629), the beneficial purpose to which the property of the corporation is to be used may be considered. Section 8146c, Comp. Stat.:

"The board * * * is authorized to have constructed * * * for use as naval auxiliaries or army transports, or for other naval or military purposes, and to make necessary repairs on and alterations of such vessels."

This clearly indicates the character to be that of an arm for executing governmental functions, as was said 268 Fed. 624. It is a war measure. Every function, policy, and power is set out and prescribed by the act and executive orders authorized by law. The intent of the Congress also appears, and is subsequently expressed in various legislation, by the supervisory action maintained and kept, the provisions for dissolution, adjustment, and distribution, all of which suggest governmental function and operation, rather than individual corporate entity management.

The fact that it is a corporate entity does not of itself clothe it with power divested of governmental function, and grant it suability in all of the courts. The corporate entity has such powers as are expressly given or necessarily implied and none other. It is a creature of statute with limited powers. That it is an instrumentality of the government cannot be questioned. It is immune from suit, unless the right to sue and be sued is granted. Admittedly the Marine Act (Comp. St. § 8146e) does not give this right, except waiver of immunity is given by subjecting vessels "while employed solely as merchant vessels" to admiralty jurisdiction.

The analogy urged by the plaintiff with the suability of a national bank is without force, because by express congressional provision in the National Banking Act the unlimited right to sue and be sued is given. Section 9661, subd. 4, Comp. Stat. U. S. v. Strang, supra, must be read with relation to section 41 of the Criminal Code (Comp. St. § 10205), and does not change the view heretofore expressed in this case. 268 Fed. 624. Since the reargument I have sent out and obtained a copy of the Code of the District of Columbia, from which I find section 607, subc. 4, p. 159, the following:

"When the certificate shall have been filed, in accordance with the provisions of the preceding section, the persons who shall have signed and acknowledged the same and their successors shall be a body politic and corporate in fact and in name, by the name stated in such certificate, and by that name have succession and be capable of suing and being sued in any court of law or equity in the *District*." (Italics mine.)

It is therefore immaterial, so far as this motion is concerned, whether the view heretofore expressed as to the immunity from suit of the defendant, except in the Court of Claims, the amount involved being several million dollars, because the limitation placed upon the suability, if not immune from suit, is definitely fixed before the court in the District of Columbia. Since the decision in U. S. v. Strang, Judge Wolverton of the District of Oregon, in Astoria Marine Iron Works v.

U. S. Ship. Bd. Em. Fl. Corp., 270 Fed. 635, held that the defendant was an entity created to exercise the governmental functions and immune from suit. Judge Bean, of the same district, in Keeley v. Kerr et al., 270 Fed. 874, similarly concluded. The Supreme Court of the District of Columbia, in Pussy & Jones Co. v. U. S. Ship. Bd. Em. Fl. Corp., held a claim in excess of $10,000 against the United States Shipping Board Emergency Fleet Corporation for determination by the Court of Claims.

The motion to dismiss is granted.