## HARRY PORTER CO., Inc., v. UNITED STATES SHIPPING BOARD EMER-GENCY FLEET CORPORATION.

(District Court, S. D. New York. January 9, 1922.)

Removal of causes ⬅⇒19(8), 71—Suits against Emergency Fleet Corporation re-movable.

    A suit in a state court against the United States Shipping Board Emer-gency Fleet Corporation is removable, without regard to the amount in controversy, on the ground that defendant is a corporation created un-der the laws of the United States, and as such the federal court has origi-nal jurisdiction of any suit by or against it.

At Law. Action by the Harry Porter Company, Inc., against the United States Shipping Board Emergency Fleet Corporation. On motion to remand to state court. Denied.

Charles S. Mackenzie, of New York City, for plaintiff.

William Hayward, U. S. Atty., John E. Walker and A. H. Stetson, all of New York City, for defendant.

AUGUSTUS N. HAND, District Judge. This is a motion to re-mand the above entitled action to the City Court of the City of New York, where it began. The action is to recover for alleged services by the plaintiff to the defendant in preparing advertising matter, and the judgment demanded is for the sum of $1,978.87. The action was removed upon the ground that it was one arising under the Constitu-tion and laws of the United States, particularly because it arose un-der a law "regulating commerce, where there is no jurisdictional re-quirement as to the amount involved. Judicial Code, § 24, subd. 8 (Comp. St. § 991).

The plaintiff moves to remand on the ground that this court could have no original jurisdiction of the cause of action set forth in the complaint, and in its brief says:

    "That a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." In re Winn, 213 U. S. 465, 29 Sup. Ct. 516, 53 L. Ed. 873.

While the above quotation from the opinion of Mr. Justice Moody states the general legal principle, it has long been held that an action against a corporation created by the laws of the United States is one of which the federal courts have original jurisdiction. Texas & Pacific Ry. Co. v. Kirk, 115 U. S. 1, 5 Sup. Ct. 1113, 29 L. Ed. 319; Texas & Pacific Ry. Co. v. Cody, 166 U. S. 606, 17 Sup. Ct. 703, 41 L. Ed. 1132; Osborn v. U. S. Bank, 9 Wheat. 738, 6 L. Ed. 204; Knights of Pythias v. Kalinski, 163 U. S. 289, 16 Sup. Ct. 1047, 41 L. Ed. 163; Walker v. Windsor National Bank, 56 Fed. 76, 5 C. C. A. 421. If original jurisdiction existed, removal may be had as a matter of course. Motions to remand were denied in cases like the present in Union Timber Products Co. v. U. S. Shipping Board Emergency Fleet Corporation (D. C.) 252 Fed. 320, and Ingram Day Lumber Co. v.

⬅⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

United States Shipping Board Emergency Fleet Corporation (D. C.) 267 Fed. 283.

It is alleged in the removal petition (and as was held in Texas & Pacific Co. v. Cody, supra, the court may take judicial notice of the fact) that the defendant was organized under a law of the United States for the incorporation of companies in the District of Columbia, pursuant to section 11 of the Act of September 7, 1916 (Comp. St. § 8146f), whereby the United States Shipping Board might form "under the laws of the District of Columbia one or more corporations for the purchase, construction, equipment, lease, charter, maintenance, and operation of merchant vessels in the commerce of the United States." See section 33 (Comp. St. § 8146pp).

National banks can ordinarily only sue and be sued in state courts, or in United States courts where diverse citizenship exists, because of the present act of Congress so providing. Act July 12, 1882, c. 290, § 4 (Comp. St. § 9668). It was not always so. Osborn v. Bank of United States, 9 Wheat. 738, 6 L. Ed. 204.

The motion to remand is denied.