### HILL v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, S. D. New York. June 30, 1922.)

1. **Removal of causes** ⊱71—**Suit against Emergency Fleet Corporation removable.**

   A suit in a state court against the United States Shipping Board Emergency Fleet Corporation is removable, without regard to the amount in controversy.

2. **Removal of causes** ⊱12—**"Proper district" held district in which suit was brought.**

   The fact that the Emergency Fleet Corporation is incorporated in the District of Columbia does not deprive it of the right of removal, under Judicial Code, § 28 (Comp. St. § 1010), and in such case the "proper district," the court in which has jurisdiction on removal, is the district in which the suit was brought.

   [Ed. Note.—For other definitions, see Words and Phrases, Second Series, Proper District.]

At Law. Action by John Hill against the United States Shipping Board Emergency Fleet Corporation. On motion to remand to state court. Denied.

E. C. Sherwood, of New York City, for plaintiff.

William Hayward, U. S. Atty., of New York City (Henry M. Ward, Benn Barber, and John E. Walker, all of New York City, of counsel), for defendant.

MACK, Circuit Judge. [1] The motion to remand is denied, on the authority of Harry Porter Co. v. U. S. S. B. E. F. C. (D. C.) 284 Fed. 397, decided by Judge Augustus N. Hand, of this court, on Janu-

ary 9, 1922. See, too, Sloan Shipyards Corporation v. U. S. S. B. E. F. C. (D. C.) 272 Fed. 132, and Astoria Marine Iron Works v. U. S. S. B. E. F. C., 258 U. S. ——, 42 Sup. Ct. 386, 66 L. Ed. ——, decided by the United States Supreme Court on May 1, 1922.

[2] Plaintiff urges, however, that the cause must be remanded because of the alleged absence of any statutory provision for removal by a resident of the District of Columbia. Section 51 of the Judicial Code (Comp. St. § 1033) provides that no civil suit shall be brought in any District Court against any other person by any original process or proceeding in any other district than that whereof he is resident; and section 28 of the Judicial Code (Comp. St. § 1010) provides for removal by the defendant "to the District Court of the United States for the proper district." But, since the defendant Fleet Corporation is not a resident of the Southern district of New York, the suit, it is urged, is not removable to this court. Guaranty Trust Co. of New York v. McCabe (C. C. A. 2d Circuit) 250 Fed. 699, 163 C. C. A. 31, and Orr v. Baltimore & Ohio R. R. Co. (D. C.) 242 Fed. 608, are relied upon. In each of those cases, however, the defendant was an inhabitant of some federal judicial district. The District of Columbia is not such a federal judicial district.

The real question is: What is the "proper judicial district," within section 28? While that of defendant's residence would be the only proper one in view of section 51, yet, if he have none, it cannot be that the general grant of removability is therefore to be annulled. In these circumstances, the federal District Courts of the territory within which suit was brought must be deemed the proper forum under removal. In re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211.