## JAMES v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, E. D. Pennsylvania. April 8, 1926.)

### No. 12104.

1. Removal of causes ⊚⟜19(5)—Suit against Emergency Fleet Corporation is one "arising under law regulating commerce," and removable, regardless of matter in controversy (Act Sept. 7, 1916, § 11 [Comp. St. § 8146f]; Judicial Code, § 24, subd. 8 [Comp. St. § 991]).

A suit against the Emergency Fleet Corporation, created by the Shipping Board under authority given by section 11 of Act Sept. 7, 1916 (Comp. St. § 8146f), is one arising under a law regulating commerce within the meaning of Judicial Code, § 24, subd. 8 (Comp. St. § 991), which contains no requirement as to the amount in controversy to give the District Court jurisdiction, and the defendant being a corporation of the United States, such suit is removable without regard to the matter in controversy.

2. Removal of causes ⊚⟜25(4)—Right of corporation defendant, judicially known to be a federal corporation entitled to remove cause, to removal, will not be denied because it does not appear from statement of claim.

Where a corporation defendant is judicially known to be a federal corporation, and as such entitled to remove a cause, the right of removal will not be denied because such fact does not appear from the statement of claim.

At Law. Action by Charles C. James against the United States Shipping Board Emergency Fleet Corporation. On motion to remand state court. Denied.

Porter Foulkrod & McCullagh and Donald Spencer Edmonds, all of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., and Paul W. Knox, both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiff sued in the municipal court of Philadelphia county to recover a balance of salary alleged to be owing, amounting to $841.67, with interest from January 10, 1923. Upon petition of the defendant, the United States Shipping Board Emergency Fleet Corporation, the cause was removed to this court. The plaintiff moves to remand, upon the ground that this court has no jurisdiction, and facts showing jurisdiction do not appear in the plaintiff's statement of claim —citing American Well Works Co. v. Layne, 241 U. S. 257, 35 S. Ct. 585, 60 L. Ed. 987; Nevada-California Power Company v. Hamilton (D. C.) 235 F. 317; Tennessee v. Bank, 152 U. S. 454, 14 S. Ct. 654, 38 L. Ed. 511.

[1] Counsel for the defendant insists that the court has jurisdiction, because the defendant is incorporated under a law of the United States regulating commerce. Section 24, eighth subdivision, of the Judicial Code (Comp. St. § 991), confers upon the District Courts original jurisdiction "of, all suits and proceedings arising under any law regulating commerce" (without the limitation provided in the first subdivision that the matter in controversy shall exceed exclusive of interest and costs the sum of value of $3,000), "except those suits and proceedings exclusive jurisdiction of which has been conferred upon the Commerce Court."

By the Act of October 22, 1913, 38 Statutes at Large 219 (Comp. St. § 992), the Commerce Court was abolished and jurisdiction transferred to and vested in the several District Courts. The District Courts, therefore, now have the original jurisdiction formerly vested in the Commerce Court. It is well established, since Osborn v. United States Bank, 9 Wheat. 737, 6 L. Ed. 204, and Pacific Railroad Removal Cases, 115 U. S. 2, 5 S. Ct. 1113, 29 L. Ed. 319, that corporations of the United States, created by and organized under acts of Congress, are entitled to removal of suits against them into the United States courts, on the ground that such suits are suits "arising under the laws of the United States."

[2] It appears in the petition for removal that the defendant is a corporation duly organized and existing under the laws of the United States; that it was organized by the United States Shipping Board, under and pursuant to the provisions of the Shipping Act of 1916 (Comp. St. §§ 8146a—8146r), to encourage, develop, and create a naval auxiliary and naval reserve, and a merchant marine to meet the requirements of the commerce of the United States, and to operate merchant vessels in the commerce of the United States. While the corporation is judicially known to be a federal corporation, and it would appear superfluous to require the court to act only upon what appears in the statement of claim, and shut its eyes to what it knows to be a fact, the defendant's position is fortified by the allegations set out in the petition for removal. Texas & Pacific Railway Co. v. Cody, 186 U. S. 606, 17 S. Ct. 703, 41 L. Ed. 1132; Porter Co. v. Fleet Corporation (D. C.) 284 F. 397; Hill v. Fleet Corporation (D. C.) 284 F. 398.

There can be no question that the Shipping Act of 1916 is a law regulating commerce. Ingram Day Lumber Co. v. Fleet Corporation (D. C.) 267 F. 283. If, therefore, under Osborn v. Bank and the Pacific Railroad Removal Cases, supra, the organization of the defendant corporation under a law of the United States would justify the removal of a suit against it on that ground, if the amount in controversy were sufficient, it follows that a suit against it, as a corporation organized under a commerce law of the United States, is removable under section 28 of the Judicial Code (Comp. St. § 1010), without regard to the amount in controversy.

The motion to remand is denied.