**DELPIT v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.**

Circuit Court of Appeals, Ninth Circuit. April 18, 1927.

Rehearing Denied May 23, 1927.

No. 5025.

**1. Removal of causes** ☞71—**Jurisdictional amount is essential to removal on ground of diverse citizenship, or as suit arising under law of United States (Judicial Code, § 24, subd. 1 [Comp. St. § 991]).**

That the sum or value in controversy exceeds $3,000, exclusive of interest and costs, is essential to removal of a suit, either on the ground of diversity of citizenship or that it arose under the Constitution or laws of the United States, in view of Judicial Code, § 24, subd. 1 (Comp. St. § 991).

**2. Removal of causes** ☞27—**Action against Emergency Fleet Corporation held not removal for diversity of citizenship.**

Action against Emergency Fleet Corporation is not removable on the ground of diversity of citizenship.

**3. Removal of causes** ☞19(5)—**Tort action against Fleet Corporation held not one arising under laws of the United States (Judicial Code, § 24, subd. 8 [Comp. St. § 991]).**

Action of tort against Emergency Fleet Corporation *held* not removable as arising under a law regulating commerce, within Judicial Code, § 24, subd. 8 (Comp. St. § 991).

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Action at law by H. Delpit against the United States Shipping Board Emergency Fleet Corporation. Judgment for defendant, and plaintiff brings error. Reversed, for want of jurisdiction of court below, and remanded, with directions.

H. W. Hutton, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This was an action to recover damages for assault and false imprisonment. The plaintiff is a citizen and resident of the state of California. The defendant is a corporation organized and existing under the laws of the United States. The amount in controversy is less than $3,000. The action was commenced in a state court of California, but was removed to the United States District Court on the petition of the defendant, on the ground that the controversy is between citizens of different states, and "that the defendant, the United States Shipping Board Emergency Fleet Corporation, is organized under and depends upon the laws of the United States of America, namely, the Shipping Act of 1916, and is incorporated under the laws of the District of Columbia; and this suit arises under a federal law regulating commerce, to wit, said Shipping Act of 1916, whereof the District Court of the United States has

original jurisdiction under section 24 of the Judicial Code."

After removal, a trial was had, resulting in a judgment in favor of the defendant. The plaintiff prosecuted a writ of error, and his first assignment of error challenges the jurisdiction of the court below, on the ground that that court acquired no jurisdiction by the removal.

Section 28 of the Judicial Code (Comp. St. § 1010) provides that any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the District Courts of the United States are given original jurisdiction, which may now be pending or which may hereafter be brought in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district; and any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction, and which are now pending or which may hereafter be brought in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state.

The first subdivision of section 24 of the Judicial Code (Comp. St. § 991) provides that the District Courts shall have original jurisdiction "of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand ($3,000) dollars, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different states, or (c) is between citizens of a state and foreign states, citizens, or subjects." The eighth subdivision of the same section provides that the District Courts shall have original jurisdiction "of all suits and proceedings arising under any law regulating commerce, except those suits and proceedings exclusive jurisdiction of which has been conferred upon the Commerce Court."

[1, 2] Three grounds of federal jurisdiction are thus suggested in the petition for removal: First, diversity of citizenship; second, a controversy arising under the laws of the United States; and, third, a controversy arising under a law regulating commerce. Jurisdiction cannot be sustained on the first ground, because the jurisdictional amount is not involved, and because there is no diversity of citizenship; a corporation created under the laws of the District of Columbia not being a citizen of any state. Hooe v. Jamieson, 166 U. S. 395, 17 S. Ct. 596, 41 L. Ed. 1049. Nor can jurisdiction be sustained on the second ground, because the jurisdictional amount is just as essential there as in the case of a diversity of citizenship.

"It is clear that a Circuit Court cannot, under that statute, take original cognizance of a case arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or of a controversy between citizens of different states, or of a controversy between citizens of a state and foreign states, citizens or subjects, unless the sum in dispute, exclusive of interest and costs, exceeds $2,000, because in immediate connection with the enumeration of each of such cases will be found expressed a limitation of that character in respect of the sum or value necessary to give jurisdiction." United States v. Sayward, 160 U. S. 493, 16 S. Ct. 371, 40 L. Ed. 508. See, also, Fishback v. Western Union Telegraph Co., 161 U. S. 96, 16 S. Ct. 506, 40 L. Ed. 630; Holt v. Indiana Manufacturing Co., 176 U. S. 68, 20 S. Ct. 272, 44 L. Ed. 374.

In Sloan Shipyards v. U. S. Fleet Corp., 258 U. S. 549, 42 S. Ct. 386, 66 L. Ed. 762, the court held that the Emergency Fleet Corporation had the powers of corporations created under the laws of the District of Columbia, where it was incorporated, and was liable to be sued, there and elsewhere, upon its contracts and for its torts, notwithstanding the fact that it was a federal agency and that its stock was taken entirely by the United States. True, it was also held that suits against it might be removed to the courts of the United States, citing Pacific Railroad Removal Cases, 115 U. S. 1, 5 S. Ct. 1113, 29 L. Ed. 319; but the court there had reference to the general right of removal existing in favor of corporations organized under the laws of the United States, which has always been held to be subject to the pecuniary limitation.

[3] Does this action arise, then, under any law regulating commerce, within the true intent and meaning of subdivision 8 of section 24 of the Judicial Code? It has apparently been so held in the following District Court cases. Ingram Day Lbr. Co. v. United States S. B. E. F. Corp., 267 F. 283; Harry Porter Co. v. U. S. Shipping Board

E. F. Corp., 284 F. 397; Hill v. U. S. Shipping Board E. F. Corp., 284 F. 398; James v. United States Shipping Board Emergency Fleet Corp, 12 F.(2d) 89. The first was an action to recover approximately $900 for building material delivered to the defendant under an express contract; the second was an action to recover approximately $2,000 for services performed in preparing advertising matter for the defendant; in the third the nature of the controversy is not stated; and the fourth was an action to recover a balance due for salary, amounting to approximately $800. All of these actions, with the possible exception of the third, were based upon contract, and whether they are distinguishable from the present action in tort we need not inquire.

But we are at a loss to understand how a tort action, such as this, can be said to arise under a law regulating commerce. The action was not brought to recover damages for breach of any duty imposed by the Shipping Act (Comp. St. §§ 8146a–8146r), assuming that that act is a law regulating commerce. The duty violated by the defendant, if any, was a duty imposed by the common law, or by some other statute, and unless every action of every kind against the Fleet Corporation is removable to the federal courts, because arising under a law regulating commerce, this action was not removable. The jurisdiction conferred on the District Courts by subdivision 8 is coupled with the jurisdiction conferred on the Commerce Court, and primarily at least that jurisdiction has relation to suits for violations of interstate commerce laws, such as suits for overcharges and undercharges, and other suits based on laws regulating interstate commerce.

In this view it would not seem that an action to recover damages for breach of a common-law or statutory duty arises under a law regulating commerce, any more than would a like action against any other interstate carrier, such as the Pacific Railroads in the Pacific Railroad Removal Cases, supra. For these reasons we are of opinion that the court below acquired no jurisdiction by the removal, and, if it did not, jurisdiction could not thereafter be conferred by consent of parties, or by stipulating as to time or mode of trial.

The judgment is reversed, for want of jurisdiction in the court below, and the case is remanded to that court, with directions to remand the case to the state court whence it was removed.