### KATZ v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.

District Court, E. D. New York. March 25, 1929.

No. 2990.

J. W. Friedman, of New York City, for plaintiff.

William A. Degroot, U. S. Atty., of Brooklyn, N. Y. (Edgar G. Wandless and Berwick B. Lanier, both of New York City, of counsel), for defendants.

CAMPBELL, District Judge. This is a motion made by the plaintiff to remand to the Municipal Court of the City of New York the above-entitled action.

The action was brought to recover for injuries alleged to have been sustained by the plaintiff, a visitor to a ship and lawfully traversing a passageway on pier 4, Hoboken, caused by the defendants placing and permitting an obstruction thereon.

The United States Lines is not a corporate entity but only a trade-name. The United States Shipping Board Emergency Fleet Corporation is a corporation created under a law of the United States for the incorporation of companies, in the District of Columbia, pursuant to section 11 of the Act of September 7, 1916 (Comp. St. § 8146f [46 USCA § 810]), whereby the United States Shipping Board might form, under the laws of the District of Columbia, one or more corporations for the purchase, construction, equipment, lease, charter, maintenance, and operation of merchant vessels in commerce of the United States. Comp. St. § 8146 pp (46 USCA § 832).

Pier 4, Hoboken, is owned by the United States of America, and used by the defendant United States Shipping Board Emergency Fleet Corporation.

Plaintiff cites as authority for this motion Delpit v. United States Shipping Board Emergency Fleet Corporation, 19 F.(2d) 60, a decision of the Circuit Court of Appeals of the Ninth Circuit, which held that an action to recover damages for assault and false imprisonment was not an action arising under any law regulating commerce within the true intent and meaning of subdivision 8, of section 24 of the Judicial Code (28 USCA § 41(8).

The case at bar, in my opinion, is clearly distinguishable from that case, because the maintenance of ships and wharves is a necessary part of the duty imposed upon the defendant in engaging in commerce, and this court has jurisdiction of an action for the failure of the defendant to perform that duty, even though such failure be a tort.

The action arises under a law regulating commerce, within the intent and meaning of subdivision 8 of section 24 of the Judicial Code, and therefore this court has jurisdiction, although the amount involved is but $1,000. Harry Porter Co. v. United States Shipping Board Emergency Fleet Corporation (D. C.) 284 F. 397; Hill v. United States Shipping Board Emergency Fleet Corporation (D. C.) 284 F. 398.

The motion is denied.