## WILKINS v. PARKER, Director of Agriculture, et al.

### No. 76 Civ.

District Court, S. D. California, N. D. Dec. 7, 1940.

Wm. M. Miles and Wm. M. Maxfield, both of Fresno, Cal., for plaintiff.

Earl Warren, Atty. Gen., Wm. R. Augustine and Walter L. Bowers, Deputy Attys. Gen., and Strother P. Walton, of Fresno, Cal., for defendants.

YANKWICH, District Judge (after stating the above facts).

 The complaint, in its challenge of the constitutionality of the California Agricultural Proration Act, Chapter 754, p. 1969, Stats. 1933, as amended, in its application to the production of raisins in California for the·year 1940, states a claim arising under the constitution and the laws of the United States. But, as no claim of damages in excess of $3,000 or in any amount is averred, the Court is without jurisdiction. Both a substantial federal

question and the jurisdictional minimum must exist before we entertain an action seeking to enjoin the enforcement of a state statute by state officers. See Judicial Code, Sec. 24(1), 28 U.S.C.A. § 41(1). See my opinion in Neale v. Railroad Commission, D.C.,Calif.1940, 32 F.Supp. 407.

■ The action cannot be entertained as "arising under any law regulating commerce." Judicial Code, Sec. 24(8), 28 U.S. C.A. § 41(8). Jurisdiction under this provision of the Judicial Code is independent of the amount in controversy. However, the question must arise under a federal, and not under a state law regulating commerce. Cleveland, C. C. & St. L. v. Hirsch, 6 Cir., 1913, 204 F. 849, 854; Yazoo & M. V. R. Co. v. Zemurray, 5 Cir., 1917, 238 F. 789; Delpit v. United States Shipping Board E. F. Corp., 9 Cir., 1927, 19 F.2d 60; Young & Jones v. Hiawatha Gin & Manufacturing Co., D.C.Miss.1927, 17 F.2d 193.

Rightly. For whenever the Congress of the United States confers original jurisdiction upon the district courts in matters arising under certain laws, the reference is to federal laws on the particular topic. Illustrative are actions under Internal Revenue, Customs and Tonnage laws, Judicial Code, Sec. 24(5), 28 U.S.C.A. § 41(5), postal laws, Judicial Code, Sec. 24(6), 28 U.S.C.A. § 41(6), patent, copyright and trade-mark laws, Judicial Code, Sec. 24(7), 28 U.S.C.A. § 41(7), commerce laws, Judicial Code, Sec. 24(8), 28 U.S.C.A. § 41(8), immigration and contract labor laws, Judicial Code, Sec. 24(22), 28 U.S.C.A. § 41(22).

■ The reason is obvious. The Congress of the United States legislates solely for the United States. And in establishing jurisdiction of the courts under the power given to it by the Constitution (Constitution of the United States, Article III), it aims primarily to confer upon the courts the right to hear and determine controversies arising under federal laws.

■ The statute and the actions of the state officers acting under it, in relation to the raisin crop of 1940, involve state action, under a state enactment. The books fail to disclose any case where such action has been challenged in the federal courts without a showing of damage in an amount exceeding $3,000, as required by Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1).

Absent such allegation, we cannot undertake jurisdiction and call a three-judge court to determine the question whether an injunction shall issue. Judicial Code, Sec. 266, 28 U.S.C.A. § 380; Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152.

The motion of the defendants to dismiss the complaint for lack of jurisdiction is therefore granted with leave to plaintiff to amend within twenty days from date thereof if so advised.